UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JENNIFER WHITNEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:21-CV-394 |
| | ) |
| FORD MOTOR COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA.

DEFENDANT FORD MOTOR COMPANY ("Ford") by counsel, removes the case captioned *Jennifer Whitney, et al. v. Ford Motor Company,* Case No. CL21000414-00, pending in the Circuit Court for the City of Petersburg (the "State Court Action"), to the United States District Court for the Eastern District of Virginia, Richmond Division. As grounds for removal, Ford states as follows:

**Procedural History**

1. On May 18, 2021, Defendant Ford was served with a copy of the Summons and Complaint in the State Court Action through its registered agent, CT Corporation. (Compl., attached hereto as Ex. A.)

2. On June 1, 2021, Plaintiffs' counsel agreed to extend Ford's deadline to respond to June 22, 2021. (Email from D. Pittman agreeing to an extension, attached hereto as Ex. B.)

3. On June 1, 2021 filed an Amended Complaint and on June 2, 2021, Plaintiffs' counsel provided a copy of the Amended Complaint to Ford by email. (Am. Compl., attached hereto as Ex. C.)

4. On June 16, 2021, Ford filed its Answer to Plaintiffs' Amended Complaint alleging that Plaintiffs suffered damages related to alleged defects in 2017-2019 Ford Fiesta and Focus vehicles (the "Vehicles at Issue"). (Answer, attached hereto as Ex. D.)

5. No other pleadings, documents or orders have been served upon Ford. Copies of all pleadings are attached as Exhibits A-D, above.

### Diversity of Citizenship Exists

6. Each of the 42 named Plaintiffs allege that they are residents of Virginia or South Dakota. Upon information and belief, Plaintiffs are all citizens of the states wherein they allege residency. None of the named Plaintiffs allege citizenship in Michigan or Delaware.

7. Ford is a Delaware corporation with its principal place of business in Michigan. Therefore, Ford is a citizen of the state of Delaware and Michigan for diversity purposes. 28 U.S.C. § 1332(c)(1). *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010).

8. Plaintiffs and Ford are citizens of different states for diversity purposes. Therefore, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441.

### Amount in Controversy Exceeds $75,000 per Plaintiff

9. Plaintiffs' Amended Complaint alleges damages in excess of $4,500 (Ex. C ¶ 59.) but does not make an assertion of total damages. Instead, the Amended Complaint's Relief Requested includes unquantified economic damages and requests for injunctive relief. (Ex. C ¶ 350.) When the plaintiff's complaint does not state the amount in controversy, the defendant's

notice of removal may do so. § 1446(c)(2)(A). *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, (2014).[1] In calculating the amount in controversy, a party may aggregate claims in order to reach the jurisdictional threshold. *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).

10. Paragraph 350(a) requests "[r]eturn of all monies paid or, in the alternative, applicable damages pursuant to Virginia Code Ann.§ 8.2-714 of the Uniform Commercial Code, and all incidental and consequential damages incurred." (*Id*.) Plaintiffs' Amended Complaint does not provide sale or lease prices for each of the vehicles at issue, nor does it itemize the incidental or consequential damages incurred.

11. The least expensive 2017-2019 Ford Fiesta of Ford Focus model was the 2017 Fiesta S Sedan, with an original Manufacturer Suggested Retail Price ("MSRP") of $13,660. Model Information for 2017 Ford Fiesta, *available at* https://www.autotrader.com/ford/fiesta/2017 (last visited June 16, 2021). While Ford denies any liability, if Plaintiffs prevail under Virginia Code Ann.§ 8.2-714, it is conceivable that each Plaintiff could recover a minimum of $13,660 for this element of damages they seek.

12. Additionally, Plaintiffs seek unquantified incidental and consequential damages under Virginia Code Ann.§ 8.2-714, *et seq*. and "[i]ncurred and/or needed costs of repair." (Ex. C ¶¶ 350(a) and (b).) For the majority of named Plaintiffs, the Amended Complaint does not

---

[1] When seeking removal, "a defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin* at 553. A defendant's notice of removal is only required to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." H.R.Rep. No. 112–10, p. 16 (2011).

itemize the incidental and consequential damages or the repairs cost at issue. However, repair and replacement costs are included for five Plaintiffs. (Ex. C ¶¶ 133, 158, 160, 202, 216, 236, 237.) These costs range from $585.43 to $2,295.01, with the average cost totaling $1,574.36. (*Id*.) If the Plaintiffs prevail and recover the minimum repair costs as itemized, each Plaintiff could recover an additional $585.43.

13. Additionally, Paragraph 350(f) requests "the greater of three times actual damages per Plaintiff or $1,000 per Plaintiff because Ford's conduct was committed willfully and knowingly, as provided at Virginia Code Ann § 59.1-204." (Ex. C ¶ 350(f).) As discussed *supra*, it is at least conceivable that if successful, each Plaintiff could recover actual damages of at least $14,245.43, and thus the total treble damages per Plaintiff could amount to $42,736.29.

14. In addition to actual and treble damages, Plaintiffs also request "[a]ll reasonable attorneys' fees, witness fees and all court costs and other fees incurred" as well as "litigation expense, and costs of suit, and any other just and proper relief available under the VCPA, as provided at Virginia Code Ann § 59.1-204." (Ex. C ¶¶ 350(c) and (g).)

15. To properly calculate a reasonable fee award, the court must determine the appropriate lodestar figure. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). This figure is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id*. [2]

16. In *Burke v. Shapiro, Brown & Alt, LLP*, No. 3:14cv838 (DJN), 2015 WL 2894914 at *10 (E.D. Va. May 17, 2016), this Court found that class counsel's hourly rates in a complex

---

[2] To ascertain what is reasonable in terms of hours expended and rates charged, the court considers the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"). *Id*.; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) ("In deciding what constitutes a 'reasonable' number of hours and rates, we have instructed that a district court's discretion should be guided by the [*Johnson*] factors.").

consumer protection class action that lasted over two years were reasonable. Included in the Court's analysis was the $425 hourly rate for attorney Dale Pittman, who represents Plaintiffs in the current action. *Id*.

17. At the outset of this litigation involving 42 Plaintiffs, multiple model years and trim levels of two different Ford vehicles, each with different alleged defects, maintenance, and repair histories, it is difficult to predict the precise number of hours Plaintiffs' counsel may invest in order to be successful. However, a good benchmark for the reasonableness of the hours likely to be expended is to consider counsel's work in comparison to the amount that may reasonably be expected to be recovered if the plaintiff prevails. *Randolph v. Powercomm Constr., Inc.*, No. 16-2370, at *7 (4th Cir. Oct. 31, 2017) ("the court must ask…whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." (quoting *McAfee*, 738 F.3d at 92)). Assuming Plaintiffs' counsel anticipates a minimum recovery of actual and treble damages of $42,736.29 per Plaintiff, the total recovery for all 42 Plaintiffs would be roughly $1.795 million. In anticipation of an award that large, it is not unreasonable that over the course of life of this litigation, Plaintiffs' counsel would accrue 844 hours of billable work, or just over 20 hours per Plaintiff. This reasonable and conservative estimate amounts to just 20 percent of the actual and treble damages requested and adds $8,547.29 per Plaintiff to the amount in controversy.

18. Further, Plaintiffs' requested relief includes additional damages that should also be considered. In particular, Plaintiffs seek injunctive and declaratory relief in several forms. (Ex. C ¶¶ 350(h) and (i).) As the Fourth Circuit has instructed, a request for such relief must also be factored in; and, for purposes of quantifying the value of injunctive relief when calculating the amount in controversy, the proper measure is the larger of two figures: the injunction's worth to

the plaintiff, or its cost to the defendant. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (citing *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).

19. Plaintiffs request, among other things, that Ford "reform its warranty, in a manner deemed to be appropriate by the court, to cover the injuries alleged." (Ex. C ¶ 350(h).) Ford's authorized dealers provide the original purchaser or lessee of its vehicles with Ford's express, limited, new vehicle, written warranty at the time of the initial retail sale or lease. This express, limited, new vehicle, written warranty would have been provided to every new owner or lessee of the Vehicles at Issue. Any reformation of the warranty that covers the named Plaintiffs' vehicles would necessarily impact owners or lessees of all 2017 to 2019 Ford Fiesta or Focus vehicles. Accordingly, providing additional warranty repairs or replacements, and/or extending the warranty period for the Vehicles at Issue—i.e., all 2017 to 2019 Ford Focus and Fiesta vehicle—would essentially amount to a quasi-recall of all those vehicles.

20. Between 2017 and 2019, Ford sold 160,334 Fiesta vehicles and 452,999 Focus vehicles in the United States. Ford Fiesta Sales Figures, *available at* https://carsalesbase.com/us-ford-fiesta/ (last visited June 16, 2021); Ford Focus Sales Figures, *available at* https://carsalesbase.com/us-ford-focus/ (last visited June 16, 2021). Modifying the warranty terms for these vehicles would thus amount to a *de facto* recall of 613,333 vehicles. Assuming the minimum per-vehicle repair and replacement costs are the same as the amounts itemized in the Amended Complaint and discussed *supra*, the repair costs for all 2017 to 2019 Ford Fiesta and Ford Focus vehicles would total nearly a billion dollars. Moreover, those repair costs do not include the cost of initiating the recall itself, including but not limited to the cost to provide notice to all owners, the cost to extend the warranty period for any repairs or replacements related to the alleged defect, or the lost revenue as a result of reputational harm Ford might

suffer. When divided by the 42 named Plaintiffs, the cost of the requested injunctive relief totals over $22 million per plaintiff, obviously far in excess of the required $75,000 jurisdictional amount per plaintiff.

21. Finally, Plaintiffs request that Ford "comply with all the various provisions of the state and federal consumer protection statutes herein alleged and to make all the required disclosures." (Ex. C ¶ 350(i).) This demand can only be read to require an informational campaign to inform owners of the Vehicles at Issue, as well as the general public, of the alleged defects. If Plaintiffs were to prevail, such relief would require nationwide advertising. Between 2017 and 2019, Ford spent millions of dollars per year on advertising related to the Vehicles at Issue. At a minimum, a nationwide informational campaign to reach a similar audience would likely cost a similar amount. Even if Ford spent just $5 to reach the owner or lessee of each of the Vehicles at Issue, it would cost more than $3,066,665, which equates to a per Plaintiff cost of $73,015.83 for each of the 42 named Plaintiffs. When combined with the damages discussed *supra*, the total is far in excess of the required $75,000 jurisdictional amount per plaintiff.

22. Based on the foregoing, the amount in controversy, for each Plaintiff, far exceeds $75,000; therefore, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441.

## Removal is Timely

23. Removal by Defendant is timely, pursuant to 28 U.S.C. § 1446, in that this Notice is filed within thirty (30) days of service of the Summons and Complaint.

WHEREFORE, for the foregoing reasons, Ford removes this matter to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441.

        Respectfully submitted,

*/s/ Heather M. Fields*

Robert L. Wise, VSB No. 42030
rob.wise@bowmanandbrooke.com
Heather M. Fields, VSB No. 79175
heather.fields@bowmanandbrooke.com
Bowman and Brooke LLP
901 E. Byrd Street, Suite 1650
Richmond, VA 23219
Tel.: 804.649.8200
Fax.: 804.649.1762

*Counsel for Defendant Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by email and U. S. Mail to the following on the 16th day of June, 2021:

>Dale W. Pittman (VSB No. 15673)
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA 23803-3212
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiffs*

>_____
>Robert L. Wise, VSB No. 42030
>rob.wise@bowmanandbrooke.com
>Heather M. Fields, VSB No. 79175
>Heather.fields@bowmanandbrooke.com
>Bowman and Brooke LLP
>901 E. Byrd Street, Suite 1650
>Richmond, VA 23219
>Tel.: 804.649.8200
>Fax.: 804.649.1762
>
>*Counsel for Defendant Ford Motor Company*